COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TARIN LYNELLE DAUPHIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GREEN DOT BANK d/b/a GOBANK, a Texas Corporation; and DOES 1–10, <br><br> Defendants. | **COMPLAINT** <br> **AND JURY DEMAND** |

Plaintiff, Tarin Lynelle Dauphin (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.    PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Electronic Funds Transfer Act, 15 USC 1693 et seq.

**II.    JURISDICTION AND VENUE**

    **A.    JURISDICTION OF THE COURT**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### B. VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

### III. PARTIES

4. Plaintiff is a natural person and resident of the State of Nevada.

5. Green Dot Bank dbs Go Bank (hereinafter "Green Dot"), is a financial intitution, incorporate in the State of Texas.

6. Green Dot operates primariliy as a branchless back throughout the United States, including providing financial services to residents of the State of Nevada.

### IV. GENERAL ALLEGATIONS

7. Plaintiff had a deposit bank account with Green Dot (Acct #: XXXXXXX4817 and hereinafter the Green Dot Bank Account").

8. The Green Dot Bank Account was subject to fraudulent charges from March 2021 through October 2021.

9. Dauphin contacted Green Dot on numerous occasions about the issues.

10. The numerous charges bore the Merchant Name "APPLE.COM/BILL."

11. While Green Dot credited some of the Apple charges, many others were not.

12. In total, the Green Dot Bank Account was not credited at least $1,423.32 in fraudulent charges.

13. On or about January 10, 2022, correspondence was sent to Green Dot, expressing:

> This correspondence is sent pursuant to the Electronic Funds Transfer Act (EFTA) 15 USC § 1693. Our office represents Tarin Dauphin (fka Tarin Marvel), whom you have already engaged with in relation to this matter. A series of fraudulent and unauthorized debits from Ms. Dauphin's GoBank Deposit Account (Acct #: 493490124817) in the total amount of $4,403.57 began on March 15, 2021 through

October 6, 2021. Through various disputes previously made by Ms. Dauphin, GoBank returned $3,207.31 to her account. However, several of the unauthorized debits are labeled as "DISPUTE CHARGEBACK CR REV," even though $1,196.26 in credits to Ms. Dauphin are still outstanding. Further, due to the fraudulent/unauthorized charges, Ms. Dauphin's account became overdrawn and she was denied access to deposits that were made to her account.

14. The above correspondence was sent following the receipt of the Green Dot Bank Account periodic statements from November and December 2021.

15. Green Dot failed to correct the issue or respond to the notice about the issue.

16. Dauphin has not received proper credits under the account and the continual charging of fees has given the account a negative balance, even after service of the January 10, 2022, EFTA notice to Green Dot.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Violations of The Electronic Funds Transfer Act—
15 U.S.C. § 1693, et seq.; 12 C.F.R. § 1005.1 et seq.)**

17. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

18. Plaintiff brings this cause of action pursuant to the United States Electronic Funds Transfer Act ("EFTA") and 12 C.F.R. §§ 1005.1–1005.20 (Regulation E of the EFTA).

19. Plaintiff and Class members provided notice to Green Dot within 60 days after Green Dot issued a period statement or statements reflecting an unauthorized transaction (which is an "error" under Regulation E), thereby triggering the error resolution requirements of 12 C.F.R. § 1005.11. Green Dot violated Regulation E, 12 C.F.R. § 1005.11, because it failed to provide provisional credit to Plaintiff's account relating to error investigations that could not be resolved within 10 business days.

20. In situations where Green Dot has violated Regulation E by failing to provisionally Plaintiff's and Class members' accounts, Bank of America has failed to conduct good faith investigations into the unauthorized transactions that Plaintiff and Class members have reported or attempted to report by, among other things, failing to provide Plaintiff reasonable access to Green Dot's customer service, and failing to provide Plaintiff and Class members meaningful assistance when they have been able to reach customer service. Plaintiff is, therefore, entitled to treble damages under 15 U.S.C. § 1693f(e).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated 15 U.S.C. § 1693, et seq.;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

## VII. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 9th day of May, 2022.

                COGBURN LAW

By:   */s/Erik W. Fox*
      Jamie S. Cogburn, Esq.
      Nevada Bar No. 8409
      Erik W. Fox, Esq.
      Nevada Bar No. 8804
      2580 St. Rose Parkway, Suite 330
      Henderson, Nevada 89074
      *Attorneys for Plaintiff*